UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SHARON BINGLE, | ) ED CV-04-1552 SH |
| Plaintiff, | ) MEMORANDUM OPINION ) AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| Defendant. | ) |
| _____ | ) |

## I. JURISDICTION

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c).

## II. PROCEDURAL BACKGROUND

Plaintiff Sharon Bingle, filed an application for SSI on February 20, 2001 alleging an inability to work since November 13, 1998 due to various physical and mental disabilities. (Administrative Law Record ["AR"] 36-38). Her application

was denied initially and upon reconsideration. (AR 25-34). A hearing before an Administrative Law Judge ("ALJ") was held on July 22, 2002. (AR 434-46). Following the receipt of a decision denying benefits, Plaintiff sought review to the Appeals Council (AR 7, 11-15). The Appeals Council declined to review on December 20, 2002 (AR 5-6).

Following an Order of Remand pursuant to Sentence 4 of 42 U.S.C. §405(g), the Appeals Council remanded the case back to the ALJ on November 14, 2003. (AR 493-96). Another hearing was held on September 3, 2004 before the same ALJ who presided over the previous hearing. (AR 457-492). A decision denying benefits was issued on October 13, 2004. (AR 447-56). See 20 C.F.R. 404.984 (2006). This action followed. The parties have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation.

### III. ISSUES

The first issue in this case is whether the ALJ appropriately considered the opinion of disability submitted by the treating physician, Dr. Khin. More accurately, the issue is whether the AJL appropriately disregarded the opinion of the treating physician. The second issue is whether the ALJ appropriately rejected testimony from Plaintiff's mother. For the reasons below, the decision of the Commissioner is found to be free of material legal error, and is based on substantial evidence.

///
///
///
///
///

## IV. DECISION

A. THE ALJ APPROPRIATELY DISREGARDED THE OPINION OF THE TREATING PSYCHIATRIST, AND COMMITTED HARMLESS ERROR BY PROVIDING ILLEGITIMATE REASONS FOR REJECTING THE OPINION OF THE TREATING PSYCHIATRIST.

An ALJ's decision to deny benefits must be based upon substantial evidence and proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Plaintiff asserts that the ALJ's rejection of Dr. Khin's opinion is a material legal error. Plaintiff asserts that the ALJ's rationale for rejection of Dr. Khin's opinion of disability in the Work Capacity Evaluation (Mental) (Exhibit 40 F) was not specific or legitimate. Plaintiff argues this was error because the ALJ stated his belief that Dr. Khin was not the principal current treating doctor and because the ALJ indicated that county doctors, such as Dr. Khin, often exaggerate disability claims. (AR 454). Plaintiff claims that Dr. Khin's opinion should have been given greater weight as a treating physician. Defendant argues that the ALJ properly disregarded Dr. Khin's opinion because the ALJ provided specific and legitimate reasons for doing so. In addition, Defendant argues that the ALJ properly relied on other substantial medical evidence in the record.

The ALJ appropriately disregarded Dr. Khin's opinion, despite providing two illegitimate reasons. A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). A treating physician's opinion, however, is not necessarily conclusive as the ultimate issue of disability. Id. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 416.927 (2004). Treating physicians' opinions are not accorded more weight if they are not supported by medical evidence. Baston v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004). An ALJ may reject a treating physician's opinion when

contradicted by other medical opinions if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ has discretion to choose between contradicted medical evidence.  Sanchez v. Sec. of Health & Human Servs., 812 F.2d 509, 511 (9th Cir. 1987).

The ALJ appropriately disregarded Dr. Khin's opinion.  The ALJ provided adequate specific and legitimate reasons for rejecting Dr. Khin's opinion, and the ALJ's conclusion was supported by substantial evidence in the record and free from material legal error.  Dr. Khin's opinion was not supported by the medical evidence in the record, and Dr. Khin based his opinion of disability largely on Plaintiff's own account of his symptoms.  While Plaintiff is correct in asserting that two of Dr. Khin's reasons were illegitimate, the ALJ committed harmless error.

First, the ALJ did provide specific and legitimate reasons for rejecting Dr. Khin's opinion from the Work Capacity Evaluation (Mental) (Exhibit 40 F) dated December 10, 2003.  The ALJ explained that Dr. Khin's conclusions, that Plaintiff had several "extreme" and "marked" limitations, had no support from his mental health records of Plaintiff.  (AR 453-54, 504-45, 576-77); See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ permissibly rejected the treating physician's opinion when the opinion was inconsistent with treatment reports).  The ALJ adequately summarized Plaintiff's mental health records from the San Bernardino County Department of Behavioral Health (Exhibit 35 F), and concluded that Plaintiff appeared to be in a trend of improvement and that the notes reflected that Plaintiff's symptoms of depression and hallucinations were controlled when she was medically compliant.  (AR 453, 504-45).  The ALJ properly noted that Dr. Khin did not assert any diagnoses or clinical findings to

support the alleged limits he checked off in the Work Capacity Evaluation (Mental). (AR 454); See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected physician's opinion because they were check-off reports that did not contain any explanation of the basis of their conclusions).

In addition, the ALJ also provided details of Dr. Khin's medical background. The ALJ noted that Dr. Khin has no specialties or Board certifications, which would make him more qualified than the consulting examining physicians or the state agency doctors. (AR 454). This note gives credence to the fact that the ALJ properly weighed the opinion of Dr. Khin.

The ALJ's conclusions were supported by substantial medical evidence. Where the opinion of the Plaintiff's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ has discretion to resolve the conflict. Id. Reports of nonexamining advisors can serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. Id. at 1042.

The ALJ properly relied on the opinion of Dr. Smith, the consulting examiner, and by reference on the opinions of the nonexamining state agency doctors, who opined that the plaintiff was not disabled because she only presented with "slight", "mild", or "moderate" mental impairments. (AR 454, 259-78, 319-27, 565-66). Dr. Khin's assessment of disability is not supported by other medical evidence, therefore the ALJ was justified in disregarding Dr. Khin's opinion and relying on Dr. Smith and the state agency doctors.

Dr. Khin treated Plaintiff at the San Bernardino County Department of Behavioral Health and his medical records are contained in Exhibit 35 F. Although

Dr. Khin treated the plaintiff numerous times, his treatment notes do not assert a diagnosis and are primarily descriptions of Plaintiff's symptoms. (AR 504-45). Plaintiff's statements were found incredible by the ALJ, therefore the ALJ was permitted to disregard the opinion of Dr. Khin. (AR 454-55); See Andrews, 53 F.3d at 1043 (an opinion of disability that relies heavily upon plaintiff's own accounts of his symptoms and limitations may be disregarded once those complaints have themselves been properly discounted). In addition, Dr. Khin provided no written explanation for the "moderate," "marked", and "extreme" limitations he alleged in the Work Capacity Form (Mental). (AR 576-77). The ALJ correctly pointed out that there is no evidence that Plaintiff has the "extreme" or "marked" limitations checked marked by Dr. Khin.[1] (AR 454).

Dr. Smith performed a complete psychiatric evaluation of the Plaintiff in April of 2004. Dr. Smith reviewed Plaintiff's records, listened to Plaintiff's complaints, and evaluated Plaintiff's actions before concluding that Plaintiff, when given the strong benefit of the doubt, is mildly impaired. (AR 565-66). Dr. Smith noted that Plaintiff's prognosis is fair, but that Plaintiff was very incredible and that it made her diagnosis difficult. (AR 566). Dr. Smith stated that there was no objective evidence of schizophrenia, paranoia, or delusions. (AR 565). She also commented that there was no evidence in her medical records that she had psychosis or that any of her doctors asked for details regarding her claims of hallucinations. Id. Dr. Smith concluded in her Medical Source Statement that Plaintiff has no or slight limitations due to her claimed hallucinations. (AR 567). It should be noted that Dr. Smith provided explanations for her check marks. Id. Dr. Smith's opinion that Plaintiff is not disabled constituted substantial evidence.

In addition, the state agency doctors who reviewed Plaintiff's medical records found Plaintiff to be "slightly" or "moderately" limited in some capacities.

---

[1] It was harmless error for the ALJ to assert that there was no evidence to support the "moderate" limitations marked off.

6

They assessed her Residual Functional Capacity (RFC) as being able to sustain simple repetitive tasks with adequate pace and persistence, and that Plaintiff could adapt and relate to coworkers and supervisors, but that Plaintiff could not work with the public. (AR 259-78, 319-27). Plaintiff's RFC does not support the opinion of disability. The ALJ relied on the opinions of the state agency doctors by reference in his decision. (AR 454). The ALJ correctly explained that Plaintiff did not meet the criterion of a listed limitation and recited both the limitations and the RFC assigned to the Plaintiff by the state agency doctors. Id. The opinions of the state agency doctors are supported by other medical evidence, therefore they constituted substantial evidence. It is apparent from the record that Dr. Khin's assessment was not supported by substantial medical evidence given the amount of evidence contrary to the opinion of disability.

Plaintiff correctly asserts that the ALJ relied on two illegitimate reasons to disregard the opinion of Dr. Khin. The first is the fact that the ALJ stated in decision, "As I read the records, Dr. Khin is not the principal current treating physician (Exhibit 35F)." (AR 454). Although Plaintiff is correct in asserting that Dr. Khin was the treating physician, the ALJ's remark is harmless error for two reasons. First, the ALJ did not disregard Dr. Khin's opinion solely because he felt he was not the treating physician. The ALJ gave other specific and legitimate reasons and his conclusion was supported by substantial medical evidence. Second, deference must be given to the ALJ, with respect to the statement that he believed Dr. Khin was not the "current" treating physician. Id. In this respect, the ALJ was correct because Dr. Khin last treated the patient in December of 2003, and the ALJ decided the case in October of 2004. There is no indication in the record that Plaintiff was treated after December of 2003. The fact that the ALJ stated his belief that Dr. Khin was not the treating physician was harmless error because Dr. Khin's opinion was not supported by the record or other medical evidence.

The second illegitimate reason that Plaintiff asserts is that the ALJ inappropriately commented on his belief that county-employed physicians, such as

7

Dr. Khin, often produce unsupported and exaggerated mental assessments of their patients. While Plaintiff is correct that the comment was illegitimate and inappropriate, the comment was harmless error. It was harmless error because the ALJ's belief does not materially change the outcome of the case, since Dr. Khin's medical opinion was not supported by Plaintiff's records or other medical evidence. Although the ALJ provided two illegitimate reasons for rejecting the opinion of the treating physician, it was harmless error. Therefore, the ALJ appropriately disregarded the opinion of the treating physician.

    B.    THE ALJ APPROPRIATELY REJECTED TESTIMONY FROM PLAINTIFF'S MOTHER.

Plaintiff asserts that the ALJ inappropriately rejected Plaintiff's mother, Joyce Tarrant's, testimony. Plaintiff contents that the ALJ committed legal error because the ALJ did not provide examples of Tarrant's testimony and explain why he was rejecting it. Defendant argues that the ALJ's rejection was explained with specific reasons and that the ALJ was justified in rejecting Tarrant's testimony because he relied on other medical evidence in the record.

The ALJ appropriately considered and disregarded Plaintiff's mother's testimony. An ALJ can reject lay witness testimony if he gives specific reasons germane to each witness for rejecting the witness' testimony. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (citing Dordrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)). An ALJ can discount lay testimony that is in conflict with medical evidence. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Lay testimony is not the equivalent of "medically acceptable . . . diagnostic techniques" that are ordinarily relied upon to establish a disability. Vincent v. Heckler 739, F.2d 1393, 1995 (quoting 42 U.S.C. § 423(d)(3)).

Tarrant testified that Plaintiff was physically and mentally disabled. She stated that Plaintiff had pain in her left arm and needed help with daily chores because she could not use both hands. AR (80-84, 91-96, 442-45). Tarrant also stated that plaintiff had trouble remembering things and that she seemed depressed. Id. The ALJ appropriately rejected Tarrant's testimony. In his first decision, the

8

ALJ summarized Tarrant's testimony and made reference to his summation in his second decision. (AR 15, 455). The ALJ rejected Tarrant's testimony because he found it to be unsupported and based upon acceptance of Plaintiff's symptoms. (AR 455).

Tarrant's testimony was unsupported by the medical evidence. As was discussed previously, Dr. Smith and the state agency doctors found plaintiff to be free of mental disabilities. (AR 259-76, 319-27, 558-68). In addition, the ALJ correctly relied on the medical opinion of Dr. Meltzer and Dr. Kent, both of whom concluded that Plaintiff had no functional limitations resulting from a physical disability. (AR 417, 552). Since Tarrant's testimony was in conflict with medical evidence, the ALJ was justified in rejecting Tarrant's testimony. Moreover, it would not have been error for the ALJ omit Tarrant's testimony from his decision because it was in conflict with medical evidence. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).

In addition, the ALJ reported that his impression was that Tarrant based her testimony largely on Plaintiff's own account of her symptoms. To this extent, the ALJ was justified in rejecting Tarrant's testimony because he previously found Plaintiff to be incredible. (AR 454-55). Tarrant's testimony was not material to the outcome of the case. Therefore, the ALJ appropriately disregarded Tarrant's testimony.

## V. ORDER

For the forgoing reasons, the decision of the Commissioner is affirmed, and Plaintiff's complaint is dismissed.

DATED: June 6, 2006

_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE